IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOHN K. WALTON, | ) |
| | ) 8:06cv375 |
| Plaintiff, | ) |
| | ) AMENDED |
| vs. | ) PRISONER PAYMENT ORDER |
| | ) and |
| DOUGLAS COUNTY DEPARTMENT | ) ORDER ON INITIAL REVIEW |
| OF CORRECTIONS STAFF, et al., | ) |
| | ) |
| Defendants. | ) |

This matter is before the court on filing no. 7, the Response to Order to Show Cause in which the plaintiff, John K. Walton, a prisoner in the Douglas County Correctional Center ("DCCC"), states that he has insufficient funds in his inmate trust account to pay the initial partial filing fee assessed in the court's Prisoner Payment Order. As I explained in the Order to Show Cause issued for nonpayment of the court's initial partial filing fee: "[I]f a prisoner has no assets available in his or her inmate trust account to pay the initial fee, the PLRA does not require dismissal of the plaintiff's case. Instead, 28 U.S.C. § 1915(b)(4) states: 'In no event shall a prisoner be prohibited from bringing a civil action ... for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.' In those circumstances, the normal assumption that an initial partial filing fee will be paid at the outset of the case is suspended. Instead, payments of the assessed initial partial fee are to be collected by prison officials and remitted to the court 'when funds exist' in the prisoner's trust account. 28 U.S.C. § 1915(b)(1)."

## INITIAL REVIEW

The plaintiff asserts civil rights claims pursuant to 42 U.S.C. § 1983, alleging that an officer at the 15th & Howard police station inflicted a black eye on the plaintiff on March 25, 2006. Then, on April 1-2, 2006, DCCC corrections staff, including C/Os Selby, Jackson and others, assaulted the plaintiff with excessive force and re-injured the plaintiff's eye, broke his wrist, elbow and back and disfigured his face. At the time of his complaint, the plaintiff could not see out of his eye. The plaintiff asserts that the officers acted maliciously and deliberately injured the plaintiff, such that the plaintiff requires medical care. However, he has been having difficulty obtaining any medical care at the DCCC.

<u>Excessive Force</u>

The Eighth Circuit Court of Appeals explained the principles governing prisoner claims of excessive force in <u>Treats v. Morgan</u>, 308 F.3d 868, 872 (8th Cir. 2002), as follows: "The Eighth Amendment protects inmates from the unnecessary and wanton infliction of

pain by correctional officers, Whitley v. Albers, 475 U.S. 312, 319 ... (1986), regardless of whether an inmate suffers serious injury as a result. Hudson v. McMillian, 503 U.S. 1, 9 ... (1992). Officers are permitted to use force reasonably 'in a good-faith effort to maintain or restore discipline,' but force is not to be used 'maliciously and sadistically to cause harm.' Id. at 7.... Factors to be considered in deciding whether a particular use of force was reasonable are whether there was an objective need for force, the relationship between any such need and the amount of force used, the threat reasonably perceived by the correctional officers, any efforts by the officers to temper the severity of their forceful response, and the extent of the inmate's injury. Id. See also Hickey v. Reeder, 12 F.3d 754, 758 (8th Cir. 1993)." Accord Fillmore v. Page, 358 F.3d 496, 503-10 (7th Cir. 2004).

Medical Care

The Eighth Amendment to the United States Constitution requires prison officials to provide humane conditions of confinement, including adequate food, clothing, shelter, and medical care. Farmer v. Brennan, 511 U.S. 825, 832 (1994). For example, a prisoner's Eighth Amendment rights are violated if prison officials show "deliberate indifference" to the prisoner's "serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104-07 (1976).

More specifically, a viable Eighth Amendment claim consists of an objective component and a subjective component. Jackson v. Everett, 140 F.3d 1149, 1151 (8th Cir. 1998). See also Coleman v. Rahija, 114 F.3d 778, 784 (8th Cir. 1997): "To prevail on an Eighth Amendment claim, an inmate must show both an objective element, that the deprivation was sufficiently serious, and a subjective element, that the defendant acted with a sufficiently culpable state of mind." Id.

Defendants

The plaintiff has named Douglas County Corrections staff and the Omaha Police and Fire Departments as defendants. However, the Department of Corrections and other units within the DCCC and Douglas County lack the legal capacity to sue or be sued in their own names. Construing the complaint liberally, the intended defendant is Douglas County, Nebraska, which oversees the DCCC and is responsible for its operations and policies. Similarly, the Police and Fire Departments are not entities which can be liable in their own name to the plaintiff. Construing the complaint liberally, the intended defendants are the City of Omaha, Nebraska, which oversees the Police and Fire Departments and is responsible for their operations. The Departments themselves and other agencies or units within City government lack the capacity to sue or be sued in their own names.

Therefore, at this time, there are two defendants in this action, Douglas County and the City of Omaha.

It is important that the plaintiff understand the basis of a claim against a City or County, as opposed to a claim against specific individual people. The basis of a claim against a city or county ("municipal liability") lies **only** in cases where a municipal "policy"

or "custom" causes a constitutional violation. To be liable to the plaintiff, a city or county must have implemented an unconstitutional policy, or allowed an unconstitutional custom, which proximately caused injury to the plaintiff's rights. In other words, a city or county may not be held liable merely because its employees violated the plaintiff's civil rights. The city or county, acting through its agencies or department(s), must have implemented an unconstitutional policy, or allowed an unconstitutional custom, which proximately caused injury to the plaintiff's rights.

By contrast, a claim against a person in that person's personal (or individual) capacity seeks monetary recovery payable out of the responsible official's personal finances. Hafer v. Melo, 502 U.S. 21 (1991).

Amendment of Complaint

If suing just the City and County is not the plaintiff's intent, he may move for leave to amend his complaint to add specific persons as defendants. If so, he must specify whether any such persons are sued in their individual capacity, official capacity, or both capacities. If the plaintiff does amend his complaint to sue individual defendants in their individual capacity or in both capacities, he shall request an additional forms for service of process on the newly added defendants.

**PLRA**

42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act ("PLRA") requires exhaustion of administrative remedies before a prisoner files suit in federal court about conditions or events in prison. 42 U.S.C. § 1997e(a) states: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) means that if grievance procedures were available to the plaintiff, and the plaintiff did not complete the available grievance procedures before filing his lawsuit, the plaintiff's claims concerning events at DCCC may be subject to dismissal without prejudice. The exhaustion rules do not apply to the events which occurred in the police station.

The PLRA also limits the recovery of damages for emotional distress. See 42 U.S.C. § 1997e(e): "Limitation on recovery. No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." However, 42 U.S.C. § 1997e(e) does not require physical injury as a prerequisite for declaratory or injunctive relief or nominal and punitive damages. Also, in this case, the plaintiff alleges physical injury.

This case is assigned to the docket of Chief Judge Joseph F. Bataillon. However, a Magistrate Judge may conduct initial review. Having reviewed the complaint, I find that this case need not be dismissed on initial review. Therefore, as initial review of the

complaint is now completed, it is time for the plaintiff to obtain service of process on the defendants, as set forth below. Because the plaintiff is proceeding IFP, the U.S. Marshal will undertake service of process on the plaintiff's behalf, without cost to the plaintiff, after the plaintiff completes the appropriate forms.

THEREFORE, IT IS ORDERED:

1. The plaintiff has shown good cause for modification of the Prisoner Payment Order. Thus, the initial partial filing fee and subsequent installments shall be collected and remitted, as funds exist, in the manner set forth in 28 U.S.C. § 1915(b)(2). The Clerk of Court shall serve a copy of this Order on the appropriate financial officer for the plaintiff's institution.

2. To obtain service of process on the defendants, the plaintiff must complete and return forms which the Clerk of Court will provide. The Clerk of Court shall send two summons forms and two form USM-285s ("form 285")[1] to the plaintiff, together with a copy of this Order. The plaintiff shall, as soon as possible, send the completed forms back to the Clerk of Court. In the absence of the completed forms, service of process cannot occur.

3. The plaintiff must provide an address for each party to be served. The U.S. Marshal and the court will not fill in a defendant's address on the forms. Only one defendant may be served by use of each form.

4. Neb. Rev. Stat. § 25-510.02(2) states: "Any county, city, or village of this state may be served by personal, residence, or certified mail service upon the chief executive officer, or clerk." Douglas County may be served at the office of the Douglas County Clerk, 1819 Farnam Street, H08, Omaha, NE 68183. The City of Omaha may be served at the office of the City Clerk, 1819 Farnam Street, Suite LC-1, Omaha, NE 68183.

5. Upon receipt of the completed summons and 285 forms, the Clerk of Court will sign each summons, and forward it with a copy of the complaint to the U.S. Marshal for service of process. The court will copy the complaint for the Marshal, and the plaintiff does not need to do so. The Marshal shall serve the summons and complaint without payment of costs or fees. Service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal.

6. Fed. R. Civ. P. 4 requires service of the complaint on a defendant within 120 days of filing the complaint. However, because in this order the plaintiff is informed for the

---

[1] A summons form provides notice to a defendant that the defendant has been sued and must answer or otherwise respond to the complaint. A form USM-285 provides directions to the U.S. Marshal as to whom to serve with process and where to serve the defendant(s).

first time of these requirements, the plaintiff is granted, on the court's own motion, an extension of time until 120 days from the date of this order to complete service of process. The plaintiff is hereby notified that failure to obtain service on a defendant within 120 days of the date of this order may result in dismissal of this matter without further notice as to such defendant.

      7.     If service has been obtained on no defendant by the deadline set forth above, the Clerk of Court shall bring this case to the attention of the court.

      8.     After an appearance has been filed by a defendant, the plaintiff shall serve on the defendant or, if an appearance has been entered by counsel, upon such counsel, a copy of every future pleading, letter or other document submitted to the court. Parties usually serve copies of documents on other parties by first class mail.

      9.     The plaintiff shall include with each document submitted to the court a "Certificate of Service" stating the date a true and correct copy of such document was mailed to the defendants or to the attorney of any represented defendant. To send communications to the court without serving a copy on the other parties to the case violates the rules of court.

      10.    A defendant has twenty (20) days after receipt of the summons to answer or otherwise respond to a complaint.

      11.    The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court.

      12.    The plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal.

      DATED this 18th day of September, 2006.

                                                                BY THE COURT:

                                                               s/ F.A. GOSSETT
                                                               United States Magistrate Judge